**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CUPPLES INTERNATIONAL, INC.; and KNUTSON CONSTRUCTION SERVICES MIDWEST, INC.,<br><br>　　　　Defendants. | Case No. 23-CV-_____<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendants Cupples International, Inc. and Knutson Construction Services Midwest, Inc., states and alleges as follows:

**NATURE OF THE ACTION**

1.　This is a civil action seeking declarations pursuant to 28 U.S.C. § 2201 concerning the rights, duties, and obligations, if any, of Travelers and Defendants under certain insurance policies Travelers issued to CH Holdings USA, Inc. (collectively, the "Travelers Policies") in connection with the allegations and claims against Defendants in a lawsuit pending in the District Court of Iowa, Johnson County, captioned *The Board of Regents, State of Iowa, on behalf of the University of Iowa v. Cupples International, Inc. and Knutson Construction Services Midwest, Inc.*, Case No. LACV083474 (the "Underlying Lawsuit"), and a construction arbitration pending in the American Arbitration Association, Construction Industry Division, captioned *The Board of Regents, State of Iowa, on behalf of the University of Iowa v. Cupples International, Inc. and*

*Knutson Construction Services Midwest, Inc.*, Case No. 01-22-0003-9453 (the "Underlying Arbitration") (collectively, the "Underlying Disputes").

2. The Underlying Disputes stem from the construction of the University of Iowa Stead Family Children's Hospital ("SFCH"), a fourteen-story building located in Iowa City, Iowa, which was completed in 2017 (the "Project"), and center on the construction of the building's "curtainwall system" and specifically the system's insulated glass units ("IGUs").

3. In the Underlying Disputes, The Board of Regents, State of Iowa, on behalf of the University of Iowa (the "University"), alleges the IGUs Defendants provided for the Project failed to comply with the requirements of Defendants' contracts, with many delaminating and cracking and exhibiting other signs of defects, and claims the defective IGUs must be replaced. According to the University's Petition in the Underlying Lawsuit and Detailed Statement of Claim in the Underlying Arbitration, the University seeks damages associated with the investigation, remediation and replacement of the defects in the IGUs.

4. Travelers is defending Defendants in the Underlying Disputes under the Travelers Policies pursuant to full and complete reservations of rights but contends none of the allegations and claims against Defendants in the Underlying Disputes are covered under the Travelers Policies.

5. A justiciable controversy thus exists that requires declarations by this Court of the parties' respective rights, duties, and obligations, if any, under the Travelers Policies in connection with the allegations and claims against Defendants in the

Underlying Disputes. Specifically, Travelers seeks declarations that it is not obligated to defend or indemnify Defendants under any of the Travelers Policies in connection with the claims against Defendants in the Underlying Disputes.

## THE PARTIES

6. Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

7. Upon information and belief, Cupples is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Missouri.

8. Upon information and belief, Knutson is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Minnesota and/or Iowa.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the case is between citizens of different states.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the geographical confines of this judicial district.

## THE UNDERLYING DISPUTES

11. On or about June 10, 2022, the University commenced the Underlying Lawsuit against Defendants. A true and correct copy of the University's Petition in the

Underlying Lawsuit is attached hereto as Exhibit A.

12. In July 2022, Defendants filed motions to compel arbitration in the Underlying Lawsuit, and Defendants and the University subsequently stipulated and agreed to arbitrate the disputes set forth in the University's Petition before the American Arbitration Association.

13. On or about September 16, 2022, the University commenced the Underlying Arbitration against Defendants. A true and correct copy of the University's Demand for Arbitration, Stipulation for Arbitration, and Detailed Statement of Claim are attached hereto as Exhibit B. The allegations and claims in the University's Petition and Detailed Statement of Claim are substantively identical.

14. In its Petition in the Underlying Lawsuit and Detailed Statement of Claim in the Underlying Arbitration, the University alleges it engaged Heery International, Inc. in 2011 to provide plans and specifications for the construction of the Project, and Heery engaged Cupples to provide design assist services for the design of the exterior façade, curtainwall system.

15. The University further alleges that the Project was designed and constructed pursuant to a Construction Manager as Agent delivery method with multiple bid packages and prime contractors and that the exterior façade system was the subject matter of Bid Packages #7 and #20.

16. The University alleges that, on or about April 11, 2013, it entered into a written contract with Cupples entitled Bid Package #7 – Exterior Construction for the Project, which included the construction of a custom designed and fabricated curtainwall

4

of glass, aluminum panels and stainless-steel panels at levels three through eleven of the SFCH building.

17. The University alleges the specifications for Bid Package #7 were "an outline of the criteria and performance requirements of the work," which stated that the contractor was to provide delegated design services and that the contractor would be responsible for design development, engineering, calculations, successful testing outcomes, fabrication, assembly transportation, and installation necessary to provide a unitized curtainwall system. The University further alleges Heery later issued addenda to the Contract Documents to include alternative design conditions, including a requirement to strengthen the IGUs to meet "EF 3" tornadic conditions.

18. The University alleges that pursuant to its Bid Package #7 Contract, Cupples had delegated design responsibility for developing the glass configuration sufficient to meet the performance parameters, tested the IGU glass configuration and determined that it was sufficient to meet EF 3 tornadic parameters. The University further alleges Cupples and/or its subcontractors, were obligated to perform, without limitation, engineering, calculations, successful testing outcomes, fabrication, assembly, transportation, and installation of the windows on levels three through eleven of the SFCH building.

19. The University alleges that on or about March 5, 2014, it entered into a separate written contract with Knutson entitled Bid Package #20 – Canopy and Correction Work, which included performing engineering, calculations, successful testing outcomes, fabrication, assembly, transportation, and installation of IGUs on levels 1, 2,

5

and 12 of the SFCH building and the four-story connector bridge that links the SFCH building to an adjacent building. The University further alleges that Knutson entered into a written contract with Cupples to perform the curtainwall portion of the work specified in Bid Package #20, including all of the IGUs.

20. The University alleges Bid Package #20's specifications were "an outline of the criteria and performance requirements of the work," which described that the contractor was to provide delegated design services and that the contractor would be responsible for design development, engineering, calculations, successful testing outcomes, fabrication, assembly transportation, and installation necessary to provide the unitized curtainwall system.

21. The University goes on to allege Cupples and Knutson failed to perform their work in accordance with the requirements of the Contract Documents in that the curtain wall systems were required to withstand thermal movement and wind and impact loads, without failure, including those resulting from defective manufacture, fabrication, deterioration of glazing materials or other defects in construction, that the failures of the IGUs demonstrate a pattern of progressive systemic failures, and that there is no option available to repair IGUs that have deteriorated.

22. The University alleges it demanded Defendants pay for the costs incurred to identify, investigate, and repair the defects in the IGUs and remedy the deficiencies in the IGUs, but that Defendants have failed and/or refused to do so.

23. The University asserts a single breach of contract claim against Cupples for failing to provide IGUs that complied with the Contract Documents for the Bid Package

6

#7 Contract and a single breach of contract claim against Knutson for failing to provide IGUs that complied with the Contract Documents for the Bid Package #20 Contract.

24. The University seeks damages to replace defective IGUs, investigative and mitigation costs, prejudgment interest, and costs.

25. Knutson tendered its defense and indemnification in the Underlying Disputes to Cupples pursuant to the parties subcontract and also asserted cross-claims against Cupples in the Underlying Arbitration. A true and correct copy of Knutson's Answering Statement and Cross-Claims is attached hereto as Exhibit C.

26. Knutson alleges it entered into a written subcontract with Cupples to perform certain work on the SFCH Project, including without limitation the work and obligations of Sections 084415 and 088005 of the Bid Package #20 Contract Specifications.

27. Knutson asserts claims against Cupples for Breach of Contract and Indemnification to recover from Cupples to the extent Knutson it held liable to the University.

## THE TRAVELERS POLICIES

28. Travelers and CH Holdings USA, Inc. were parties to the Travelers Policies—Policy No. VTC2J-CO-131J8067-TIL-17, which was in effect from April 9, 2017 to April 9, 2018, Policy No. VTC2J-CO-131J8067-TIL-18, which was in effect from April 9, 2018 to April 9, 2019, and Policy No. VTC2J-CO-131J8067-TIL-19, which was in effect from April 9, 2019 to April 9, 2020, the terms, conditions, definitions, provisions, limitations, exclusions, endorsements, and policy limits of which speak for

themselves. Copies of the Travelers Policies are attached hereto as Exhibits D-F and fully incorporated herein by reference.

29. Each of the Travelers Policies' terms, conditions, provisions, definitions, limitations, exclusions, endorsements, and policy limits only provide coverage to the extent:

    a.    Cupples and Knutson qualify as "insureds" under Section II – Who Is An Insured of each of the Travelers Policies' Commercial General Liability Coverage Forms;

    b.    all other elements of each of the Travelers Policies' Insuring Agreement are satisfied—including without limitation the requirements that those sums that the insured becomes legally obligated to pay be damages because of "property damage" that is caused by an "occurrence," that occurs during the policy period, and that was not, prior to the policy period, known to have occurred in whole or in part by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by a Named Insured to give or receive notice of an "occurrence" or claim; that any "suit" against the insured be seeking those damages; and that no other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B;

    c.    exclusionary or limitation language is not applicable—including without limitation the "Expected Or Intended Injury" exclusion, the "Contractual Liability" exclusion, the "Damage To Property" exclusion, the "Damage To Your

Product" exclusion, the "Damage to Your Work" exclusion, the "Damage To Impaired Property Or Property Not Physically Injured" exclusion, "Recall Of Products, Work Or Impaired Property" exclusion, the "Contractors – Professional Liability" exclusion, and the "Architectural, Engineering or Surveying Professional Services" exclusion;

      d.    if any coverage excluded or otherwise limited is restored by any exceptions; and

      e.    after application of any applicable Deductibles, Limits of Insurance, and Commercial General Liability Conditions.

30.    Travelers is defending Cupples and Knutson in the Underlying Disputes pursuant to full and express reservations of rights, including the right to withdraw its defense or file a declaratory judgment action.

## COUNT I – DECLARATORY JUDGMENT (CUPPLES)

31.    Travelers repeats and reiterates each and every allegation contained in Paragraphs 1 through 30 above as though fully set forth herein.

32.    An actual controversy exists between Travelers and Cupples as to whether Travelers is obligated under the Travelers Policies to defend or indemnify Cupples in connection with the allegations and claims against it in the Underlying Disputes.

33.    The Travelers Policies' terms, conditions, definitions, provisions, limitations, exclusions, endorsements, and limitations, all of which speak for themselves, govern the rights, duties, and obligations of Travelers and Cupples in connection with the allegations and claims against Cupples in the Underlying Disputes.

34. The Travelers Policies' terms, conditions, definitions, provisions, limitations, exclusions, endorsements, and limitations, when applied to the allegations and claims against Cupples in the Underlying Disputes, in light of the evidence in the Underlying Disputes and applicable law, establish that Travelers has no duty to defend or indemnity Cupples in the Underlying Disputes.

35. Travelers has no duty to defend or indemnify Cupples in connection with the allegations and claims against it in the Underlying Disputes, including without limitation because the allegations and claims against Cupples either do not seek damages because of "property damage" caused by an occurrence while the Travelers Policies were in effect or seek damages because "property damage" that is otherwise excluded from coverage by one or more exclusions in the Travelers Policies, including without limitation the "Expected Or Intended Injury" exclusion, the "Contractual Liability" exclusion, the "Damage To Property" exclusion, the "Damage To Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage To Impaired Property Or Property Not Physically Injured" exclusion, "Recall Of Products, Work Or Impaired Property" exclusion, the "Contractors – Professional Liability" exclusion, and the "Architectural, Engineering or Surveying Professional Services" exclusion.

36. Specifically, the University's claim that Cupples breached the Bid Package #7 Contract by failing to provide IGUs that complied with the Contract Documents for the Bid Package #7 Contract and thereby caused the University to incur and continue to incur damages associated with the investigation, remediation and replacement of the defects in the IGUs is either not covered under or excluded from coverage by one or more

exclusions in the Travelers Policies.

37. Travelers is therefore entitled to a declaration that it has no obligation under the Travelers Policies to defend or indemnify Cupples in connection with the allegations and claims against it in the Underlying Disputes.

## COUNT II – DECLARATORY JUDGMENT (KNUTSON)

38. Travelers repeats and reiterates each and every allegation contained in Paragraphs 1 through 37 above as though fully set forth herein.

39. An actual controversy exists between Travelers and Knutson as to whether Travelers is obligated under the Travelers Policies to defend or indemnify Knutson in connection with the allegations and claims against it in the Underlying Disputes.

40. The Travelers Policies' terms, conditions, definitions, provisions, limitations, exclusions, endorsements, and limitations, all of which speak for themselves, govern the rights, duties, and obligations of Travelers and Knutson in connection with the allegations and claims against Knutson in the Underlying Disputes.

41. The Travelers Policies' terms, conditions, definitions, provisions, limitations, exclusions, endorsements, and limitations, when applied to the allegations and claims against Knutson in the Underlying Disputes, in light of the evidence in the Underlying Disputes and applicable law, establish that Travelers has no duty to defend or indemnity Knutson in the Underlying Disputes.

42. Travelers has no duty to defend or indemnify Knutson in connection with the allegations and claims against it in the Underlying Disputes, including without limitation because the allegations and claims against Knutson either seek damages for

which Knutson does not qualify as an insured under the Blanket Additional Insured endorsements contained in the Travelers Policies, do not seek damages because of "property damage" caused by an occurrence while the Travelers Policies were in effect, or seek damages because of "property damage" that is otherwise excluded from coverage by one or more exclusions in the Travelers Policies, including without limitation the "Expected Or Intended Injury" exclusion, the "Contractual Liability" exclusion, the "Damage To Property" exclusion, the "Damage To Your Product" exclusion, the "Damage to Your Work" exclusion, the "Damage To Impaired Property Or Property Not Physically Injured" exclusion, "Recall Of Products, Work Or Impaired Property" exclusion, the "Contractors – Professional Liability" exclusion, and the "Architectural, Engineering or Surveying Professional Services" exclusion.

43. Specifically, the University's claim that Knutson breached the Bid Package #20 Contract by failing to provide IGUs that complied with the Contract Documents for the Bid Package #20 Contract and thereby caused the University to incur and continue to incur damages associated with the investigation, remediation and replacement of the defects in the IGUs is either not covered under or excluded from coverage by one or more exclusions in the Travelers Policies.

44. Travelers is therefore entitled to a declaration that it has no obligation under the Travelers Policies to defend or indemnify Knutson in connection with the allegations and claims against it in the Underlying Disputes.

WHEREFORE, Travelers demands judgment against Cupples and Knutson as follows:

    A.    Declaring that Travelers does not have any obligation under the Travelers Policies or otherwise to defend or indemnify Cupples in connection with the allegations and claims against it in the Underlying Disputes;

    B.    Declaring that Travelers does not have any obligation under the Travelers Policies or otherwise to defend or indemnify Knutson in connection with the allegations and claims against it in the Underlying Disputes;

    C.    Awarding Travelers its reasonable costs and disbursements; and

    D.    Ordering such other and further relief as the Court shall deem just and equitable.

    Respectfully submitted,

    O'MEARA WAGNER, P.A.

Date:  October 17, 2023.

*s/ Michael M. Skram*
Michael M. Skram, AT0010321
7401 Metro Boulevard, Suite 600
Minneapolis, Minnesota 55439-3034
Telephone: (952) 831-6544
Facsimile: (952) 893-8398
E-mail: MMSkram@OLWKLaw.com

*Attorneys for Plaintiff Travelers Property Casualty Company of America*

(3283200)